IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RON A. SPRAGUE, executor of the estate of Chester W. Sprague, : : : | |
| Plaintiff, : | CIVIL ACTION |
| : | |
| v. : | No. 06-5150 |
| : | |
| SNA, INC./SEAWIND, INC. : : | |
| Defendants. : : | |

MEMORANDUM

**ROBERT F. KELLY, S.J.**                                                                                     **JANUARY 17, 2007**

      Presently before this Court is Plaintiff Ron Sprague's Motion for Remand to the Court of Common Pleas of Chester County, Pennsylvania, and the Defendants' SNA Inc. and Seawind, Inc.'s response thereto.  For the following reasons, Plaintiff's Motion for Remand is granted.

I.    Background

      On January 13, 2000, Chester Sprague filed a Statement of Claim in negligence in the Superior Court of Justice in Ottawa, Canada.  While his lawsuit was pending in Canada, Chester Sprague died.  On May 19, 2006, the Canadian court issued a Judgement against Defendants in the amount of 670,676.20 CAD.  Ron Sprague, executor of Chester Sprague's estate, registered the judgment of the Canadian court with the Court of Common Pleas of Chester County, Pennsylvania on November 2, 2006.  On November 21, 2006, Defendants removed the action to this Court.  Ron Sprague now seeks to remand on the basis of defective removal.

      Chester Sprague was injured while test piloting an aircraft built from a kit sold by Defendants.  Defendants sold the airplane kit to a third party who built the airplane and who

employed Chester Sprague as a test pilot. Defendants sold the airplane kit pursuant to a purchase contract that included a forum selection clause stating that all claims would be filed in the Federal District Court for the Eastern District of Pennsylvania. Defendants claim that Chester Sprague is bound by the terms of the contract between themselves and the third party because he was an employee or agent of the third party. However, Defendants have not shown that Chester Sprague was a party to the contract, nor have they shown that Chester Sprague acted as an agent for the third party who purchased the airplane kit.

II.     Legal Standard and Discussion

As a general rule, the exercise of the federal courts' removal jurisdiction should "be strictly construed and all doubts should be resolved in favor of remand," because lack of jurisdiction voids all decrees in the case and makes the continuation of the litigation in federal court futile. Abels v. State Farm Fire & Cas. Co., 770 F.2d 26, 29 (3d Cir. 1985). Where a plaintiff and defendant clash over jurisdiction, uncertainties are to be resolved in favor of remand. Johnson v. Gerber Products Co., 949 F. Supp. 327, 328 (E.D. Pa. 1996). On a motion for remand, the burden of establishing federal jurisdiction falls upon the defendant. Russ v. State Farm Mut. Auto. Ins. Co., 961 F. Supp. 808, 810 (E.D. Pa. 1997); In re Comcast Cellular Telecomm. Litig., 949 F. Supp. 1193, 1197 (E.D. Pa. 1996).

Even though this Court would have had diversity jurisdiction over the civil action had it been originally filed here, this Court cannot exercise removal jurisdiction because the Defendants are residents of the state in which the action was brought. While a civil action founded on a federal question is removable without regard to the citizenship or residence of the parties, an action in diversity shall only be removable if none of the parties in interest properly joined and

served as a defendant is a citizen of the State in which such action is brought. 28 U.S.C. § 1441(b); see Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996). A corporation is deemed to be a citizen of the State where it is incorporated. 28 U.S.C. § 1332(c).

Defendants are incorporated under the laws of Pennsylvania, and as such are Pennsylvania citizens for purposes of the statute. Removal to federal court based on diversity of citizenship is only available if none of the defendants in interest is a citizen of the state where the action was brought. Because Ron Sprague originally filed this claim in Pennsylvania, where Defendants are incorporated, this Court does not have subject matter jurisdiction.

Furthermore, Defendants have not shown how the forum selection clause in the purchase contract between themselves and the airplane kit purchasers binds Ron Sprague. Chester Sprague worked as a test pilot for the third party who purchased the airplane kit. Defendants have not shown that he was a party to the purchase contract, nor have they shown that he acted as their agent in the purchase of the airplane kit from the Defendants and should therefore be bound by the terms of the agreement. For these reasons, the Plaintiff's Motion to Remand to the state court is granted.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RON A. SPRAGUE, executor of the estate of Chester W. Sprague, | : <br> : <br> : |
| Plaintiff, | : CIVIL ACTION <br> : |
| v. | : No. 06-5150 <br> : |
| SNA, INC./SEAWIND, INC. | : <br> : |
| Defendants. | : <br> : |

## ORDER

**AND NOW**, this 17th day of January, 2007, upon consideration of Plaintiff Ron Sprague's Motion to Remand (Doc. No. 2), and the Defendants' S.N.A. Inc./Seawind Inc. answer thereto, it is hereby **ORDERED** that the Plaintiff's Motion is **GRANTED.**

BY THE COURT:

/s/ Robert F. Kelly
ROBERT F. KELLY,      Sr. J.